## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| HUGO ALEXANDER HERNANDEZ CEREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 4:20-cv-00112-LSC-SGC |
| v. | ) | |
| | ) | |
| CHAD WOLF, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

The magistrate judge entered a report on January 6, 2021, recommending this habeas petition brought pursuant to 28 U.S.C. § 2241 be dismissed as moot. (Doc. 18). The petitioner, through counsel, has filed timely objections to the report and recommendation. (Doc. 19). In addition to the objections raised, the petitioner states he was released from immigration custody on December 11, 2020. (Doc. 19 at 9-10).

Federal courts may only consider "cases or controversies." U.S. Const. art. III, § 2. "A case becomes moot, and thus the court loses jurisdiction, 'when [the case] no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Garcia v. Warden, Stewart Detention Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)) (alteration in original). While the petitioner asserts that, despite his release

from detention, he remains "in custody" for purposes of habeas review[1] (Doc. 19 at 2), the Eleventh Circuit has held that, upon an alien detainee's release from custody, "there was no detention to challenge, and the court could give no relief with respect to it." *Garcia,* 774 F. App'x at 524; *see also Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("If the district court is presented with a moot case, the case must be dismissed because any decision on the merits would constitute an impermissible advisory opinion."); *Soliman v. United States,* 296 F.3d 1237, 1242-43 (11th Cir. 2002) (holding that once a habeas petitioner is no longer detained "no order … requiring [his] release into the community awaiting his final removal order could have any effect").

In his January 23, 2020 petition, the petitioner sought to be released from custody pending his removal to El Salvador. (Doc. 1 at 36). Because the petitioner has been released, his petition seeking that very relief has been rendered moot, unless an exception to the mootness doctrine applies. Two exceptions to the mootness doctrine exist: (1) collateral consequences and (2) circumstances "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here.

---

[1] The cases upon which the petitioner relies have no applicability to the removability of an alien detainee. (*See* Doc. 19 at 2). As noted by another district court, any "collateral consequences" arise from the order of removal itself, not the petitioner's detention. *See, e.g., Villafuerte v. Warden, Stewart Detention Ctr.*, 2018 WL 6626640, at *2 (M.D. Ga. Nov. 27, 2018).

The collateral consequences exception does not apply because no "disabilities or burdens ... may flow" from the custody that the petitioner challenges. *Carafas,* 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. The petitioner has been released from custody, and the potential of the same circumstances happening again are too speculative to create an actual controversy sufficient to support a claim for relief.

Because the court can no longer grant the relief sought by the petitioner, this action is due to be dismissed as moot.

A separate order will be entered.

**DONE** and **ORDERED** on January 29, 2021.

_____
L. Scott Coogler
United States District Judge

160704

3